**WINTERS NAT'L. BANK & TRUST CO. v GRETHER**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1666. Decided May 20, 1941

Froug & Froug, Dayton, for plaintiff-appellee, for the motion.

Gus W. Byttner, Dayton, for defendant-appellant, contra the motion.

## OPINION

**BY THE COURT:**

Submitted on motion of appellee to strike the purported bill of exceptions from the file for the reason that it does not have a proper certificate attached,, as required by law. In support of the motion we are cited to **Ohio Farmers Co-operative Milk Association v Davis, 59 Oh Ap 329-338.**

An examination of the bill of exceptions discloses that it bears the customary and appropriate certificate reciting the essential procedural steps incident to its signing, settling and allowing and bearing the order of the trial judge, over his signature, that it be made a part of the record in the case.

This procedure is now specifically authorized by §11566 GC and the effect thereof is set forth in the first two sentences of §11571 GC, the last sentence of which reads,

"The signature of the trial judge * * * in allowing, settling and signing it (bill of exceptions) shall be sufficient evidence of such fact."

This part of §11571 has been on our statute books under that Code number and under Revised Statutes, §5302, since the act found in S. & C. Statutes 1155.

The alternative permissible methods of authentication of a bill of exceptions is found in that part of §11571 GC following the first two sentences thereof. These methods are new and were enacted as a part of the New Appellate Code, but they in no wise affect the authentication of a bill of exceptions by the trial judge as has been authorized for so many years in this state. The case cited in **59 Oh Ap 329**, and particularly **page 338**, does not consider or question the right of a trial judge to allow, settle and sign a bill of exceptions as provided in **§11571 GC.**

The motion will be overruled.

GEIGER, PJ., BARNES and HORNBECK, JJ., concur.